IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-06-51 |
| | § | C.A. No. C-07-421 |
| JERMAINE RICARDO GORDON, | § | |
|     Defendant/Movant. | § | |

## MEMORANDUM OPINION AND ORDER TO EXPAND RECORD

Pending before the Court is Jermaine Ricardo Gordon's ("Gordon" or "Movant") motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 (D.E. 64.)[1] Also before the Court is the government's response, which includes a motion to dismiss. (D.E. 72, 73.) In the first of Gordon's two grounds for relief, he asserts that he instructed his counsel to file an appeal and that his counsel failed to do so. (D.E. 64 at 3, 5; D.E. 65 at 7.) The most detail he offers in support of this claim is his statement that "In the case at bar, petitioner remembers being advised by the court of his rights as it pertains to appeals. Subsequently, petitioner requested counsel to file an appeal, in order to challenge the two points enhancement for obstruction of justice which this court imposed on the petitioner. But counsel failed to carry out the wishes of the petitioner." (D.E. 65 at 7.)

---

[1] Docket entry references are to the criminal case, CR. No. C-06-51.

1

The Court is aware that the Fifth Circuit frequently has remanded § 2255 proceedings so that an evidentiary hearing can be held where a Movant claims he was denied effective assistance of counsel based on a failure to appeal. See, e.g., United States v. Tapp, 491 F.3d 263, 266 (5th Cir. 2007) (holding district court abused its discretion when it failed to hold an evidentiary hearing on Movant's failure to appeal claim, despite his waiver of appellate rights and § 2255 rights). It is also well-settled, however, that vague and conclusory statements do not set forth a valid claim. United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993) ("Mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.") (citation omitted).

Before the Court removes Movant from a secure setting and imposes on him the difficulties of a transfer by the United States Marshals and the loss of certain privileges that may result,[2] and before the Court undertakes the expense to United States taxpayers of transferring Movant, appointing counsel, and holding an evidentiary hearing, this Court concludes that something more than Movant's global and vague assertion that his counsel failed to appeal is required.

Accordingly, Movant is hereby ORDERED to submit a supplemental statement signed under penalty of perjury that more specifically describes the factual basis for his claim that he instructed his attorney to appeal. See RULES GOVERNING SECTION 2255

---

[2] It is the Court's understanding that such transfers can result in the loss of prison employment, priority preferences in terms of cellmates or cell location, and other similar privileges.

PROCEEDINGS, Rule 7(a)-(b) ("the judge may direct the parties to expand the record by submitting additional materials relating to the motion," including requiring answers "under oath to written interrogatories propounded by the judge."). The statement shall answer each of the following questions:

1. On what date and at what time did you instruct your counsel to file an appeal on your behalf?

2. Was your request to appeal made in person, over the telephone, or in writing?

3. If the request was made in writing, please provide a copy of the request. If you do not have a copy of the request, please state with as much detail as possible, what exact words you used to request that your attorney file an appeal. Also describe what response, if any, your received from your attorney.

4. If the request was made in person or over the telephone, please answer the following:

    A. Where were you when you made that request? (Please be specific. For example, do not state "at the courthouse," but identify where within the courthouse you and your attorney were.)

    B. Who was present when you made that request?

    C. Who, other than your attorney and you, heard you make that request?

    D. What words did you use when you requested that your counsel appeal? (Please be specific. If you told your counsel why you wanted to appeal or what you thought your grounds for appeal were, include that information, as well.)

    E. What was said by your counsel in response?

    F. What else was said during this conversation?

5. Did you contact your counsel at any point after your request to see if he or she had filed an appeal?

6. Did you ever inquire with the Fifth Circuit to see if your appeal had been filed as you requested?

**The sworn statement containing responses to the above questions shall be submitted not later than twenty days after entry of this Order.** If the government wishes to file any response to the supplemental statement, it shall do so not later than 10 days after the statement is filed.

Additionally, Movant is reminded that his statement is to be made *under penalty of perjury.* The Court advises Movant that any false statement made under oath could subject him to prosecution for perjury or false statement.

**Movant is further advised that his failure to timely provide the supplemental statement required by this Order may result in a dismissal of his case for failure to prosecute.**

It is so ORDERED this 9th day of June, 2008.

_____
HAYDEN HEAD
CHIEF JUDGE