IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-06-51 |
| | § | C.A. No. C-07-421 |
| JERMAINE RICARDO GORDON, | § | |
| | § | |
| Defendant/Movant. | § | |

MEMORANDUM OPINION AND ORDER
DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE

Pending before the Court is Jermaine Ricardo Gordon's ("Gordon") motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255.  (D.E. 64.)[1]  Also before the Court is the government's response, which includes a motion to dismiss.  (D.E. 72, 73.)  By order signed and entered on June 9, 2008, the Court directed Gordon to expand the record by filing a sworn statement containing additional information regarding his claim that his counsel failed to appeal. (D.E. 76.)  He was given twenty days to file his statement, or until June 30, 2008.  (D.E. 76 at 4.)  Gordon was also specifically warned that failure to provide the sworn statement could result in a dismissal of his case for failure to prosecute. (Id.)  Despite this warning, nothing has been received from Gordon to date.

---

[1] Docket entry references are to the criminal case, CR. No. C-06-51.

1

The Court has considered all of the submissions of the parties and the record in this case.  As discussed in detail herein, the Court DENIES Gordon's § 2255 motion, both because of his failure to prosecute it and because his claims fail on their merits.

## I.  JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. § 1331.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On January 25, 2006, Gordon was charged in a single-count indictment with possession with intent to distribute approximately 1.21 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(1)(1) and 841(b)(1)(B).  (D.E. 9.)  Gordon pleaded not guilty.  The case was tried before a jury on April 11 and 12, 2006 and Gordon testified in his own defense, but the jury never reached a verdict.  (D.E. 30-32.) Instead, there was a hung jury. (Presentence Investigation Report ("PSR") at ¶ 10.) Gordon was initially represented by the Federal Public Defender, but later retained Joel Douglas Tinker, who represented him at his arraignment and at the trial.

Shortly after the first trial, Gordon moved to substitute retained counsel J. David Bourland, which was granted by the Court.  (D.E. 35-37.)  On the date the second trial was to begin, Gordon pleaded guilty.  (See docket entry dated August 21, 2006.)  There was no written plea agreement, and the Court was told that the only agreement with the defendant was that the government would not pursue any criminal charges, such as perjury or marriage

fraud, arising out of Gordon's testimony during the first trial.  (See id.; see also (D.E. 68, Rearraignment Transcript ("R. Tr.") at 13-15.)

Gordon was sentenced on November 30, 2006 to 60 months in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release.  (D.E. 59, 60.) The Court also imposed a $100 special assessment.  (D.E. 59, 60.)  Judgment was entered December 5, 2006. (D.E. 60.) Gordon did not file a notice of appeal.

The Clerk received the instant § 2255 motion from Gordon on November 1, 2007, along with a supporting memorandum.  (D.E. 64, 65.)  The motion is timely.

### III.  MOVANT'S ALLEGATIONS

Gordon's motion lists two grounds for relief, both of which are ineffective assistance of counsel claims.  First, he claims that his counsel was constitutionally ineffective because he failed to object to a two-point enhancement to Gordon's offense level for obstruction of justice pursuant to U.S.S.G. § 3C1.1.  (D.E. 64 at 4; D.E. 65 at 3-6; see also PSR at ¶ 17 (recommending adjustment for obstruction of justice).)  Second, Gordon claims that he timely instructed his counsel to file an appeal on his behalf, and that his counsel failed to do so. (D.E. 64 at 4; D.E. 65 at 7-8.)

The government's response includes an affidavit from defense counsel, J. David Bourland, in which he denies all allegations of ineffectiveness.  (D.E. 72, Bourland Aff.) Bourland expressly denies that Gordon ever told him to appeal and has also provided

supporting documentation to that effect.  Specifically, a letter from Bourland setting forth the scope of his representation of Gordon is clear that his services will not include an appeal unless otherwise agreed upon.  Additionally, Bourland has provided a copy of a letter he sent to Gordon via Federal Express shortly after sentencing.  That letter made clear that Bourland did not think Gordon had any grounds for appeal, but nonetheless enclosed a *pro se* Notice of Appeal for Gordon's use, if he decided to appeal.  (See D.E. 72, Bourland Aff. and Exhibits thereto.)

## IV.  ANALYSIS

### A.  Dismissal for Failure to Prosecute

Even though there is no pending motion for dismissal under Rule 41(b) of the Federal Rules of Civil Procedure, the Court nonetheless has the inherent authority to dismiss this action *sua sponte*.  See McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988) (stating that a district court has inherent authority to dismiss an action *sua sponte* for failure to prosecute or to comply with a court order).   In this case, Gordon's failure to respond to the Court's request for information also suggests that he has lost interest in pursuing his claim that his counsel failed to file an appeal as directed.

Accordingly, the Court concludes that Gordon's motion should be dismissed without prejudice because of his failure to prosecute.  Moreover, as discussed in the following section, the Court has reviewed the claims raised in Gordon's motion and concludes that

the motion is also subject to dismissal on the merits because Gordon has not shown that he is entitled to relief.

**B.     Substance of Movant's Claims**

      **1.     <u>28 U.S.C. § 2255</u>**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; <u>United States v. Placente</u>, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  <u>United States v. Vaughn</u>, 955 F.2d 367, 368 (5th Cir. 1992).

Both of Gordon's claims are ineffective assistance of counsel claims.  Such claims are properly made for the first time in a § 2255 motion because they raise issues of constitutional magnitude and generally cannot be raised on direct appeal.  <u>United States v. Bass</u>, 310 F.3d 321, 325 (5th Cir. 2002); <u>United States v. Pierce</u>, 959 F.2d 1297, 1301 (5th Cir. 1992).   Thus, Gordon's claims are not procedurally barred from consideration here.

**2.** **Ineffective Assistance of Counsel Claim**s

    **a.** **General Standard**

An ineffective assistance of counsel allegation presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984).  United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001).  To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial.  Id.  This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence.  United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001).

If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

For the reasons set forth herein, neither of Gordon's ineffective assistance claims entitle him to relief.

    **b.** **Claim of Ineffective Assistance of Counsel At Sentencing**

Gordon's first ground for relief alleges that his counsel was constitutionally ineffective at sentencing because he should have challenged the enhancement for obstruction

of justice.  (D.E. 64 at 4.)  In particular, Gordon argues that the government "had stipulated that it would not seek a 3C1.1 enhancement" and that counsel should have objected to the enhancement on this ground.  In his supporting memorandum, he claims that the imposition of the two points was erroneous due to the government's "stipulation" at the plea hearing.

In order for Gordon to show that he suffered prejudice as a result of counsel's ineffectiveness at sentencing, he must show that there is a reasonable probability that, but for counsel's alleged errors, the sentencing would have been different.  See United States v. Phillips, 210 F.3d 345, 350 (5th Cir. 2000).  This requires him to show a reasonable probability that, absent counsel's errors, he would have received a lesser sentence.  United States v. Grammas, 376 F.3d 433, 438-39 (5th Cir. 2004). As discussed herein, this is a showing Gordon has not made.

In his affidavit, defense counsel explains that the he and Gordon agreed not to object to the obstruction of justice adjustment because no opposition would be meritorious.  In particular, counsel points to the fact that Gordon's "Statement of Responsibility" provided to the PSI officer admitted that he knew cocaine was present in his vehicle and that he had agreed to drive the vehicle from Texas to Florida.  That statement contradicted his testimony at his first trial, in which he denied knowledge of the cocaine. (See D.E. 72, Bourland Aff. at 2; PSR at ¶ 10.)

Additionally, counsel reasoned that objecting to the obstruction of justice could jeopardize the argument that Gordon was entitled to a 2-level downward adjustment for

acceptance of responsibility.  As counsel puts it: "To have objected could ... have caused the Court to find the defendant had not fully accepted responsibility for his acts in the matter, and the denial of [the downward adjustment for acceptance of responsibility]." (D.E. 72, Bourland Aff. at 2.)

The Court has reviewed the PSR, and the transcript of the sentencing in this case. The record does not disclose that counsel was deficient nor does it disclose any prejudice to Gordon.  There was no "stipulation" by the government that it would not argue for an obstruction of justice enhancement at sentencing.   At Gordon's rearraignment, the government indicated that it had agreed not to pursue any further criminal charges arising from his first trial, which would include perjury and marriage fraud, if he pleaded guilty. (R. Tr. at 13-14.)  The Court then questioned Gordon to make sure he understood that he had no agreement with the Court and that, if he had committed perjury, that could still be taken into account at his sentencing and could increase his sentence.  (R. Tr. at 14-15.)  The Court summarized its explanation as follows:

> THE COURT ... So, while the prosecutors may promise not to prosecute, that doesn't mean that the Court at sentencing is not going to take into account that criminal conduct as required by the guidelines.  Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Did your attorney explain all of those matters to you?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: So you understand, then, that you have no

8

agreements nor promises with me?

THE DEFENDANT: Yes.

(R. Tr. at 15-16.)

Thus, there was no "stipulation" from the government not to pursue an obstruction enhancement.   Indeed, Gordon testified that he understood his sentence could be enhanced by the Court based on alleged perjury during the first trial.

Moreover, counsel made a reasoned decision to forego an objection to the obstruction enhancement.   The Fifth Circuit has repeatedly admonished that attorneys should not be subjected to unrealistic standards and that, when reviewing a § 2255 motion, "the acuity of hindsight is not our proper lens."  United States v. Faubion, 19 F.3d 226 (5th Cir. 1994).   Instead, to show that Bourland was deficient, Gordon would have to show that his counsel's performance was outside the broad range of what is considered reasonable assistance.  Dovalina, 262 F.3d at 474-75 (5th Cir. 2001).   Keeping these standards in mind, this Court concludes that Gordon has wholly failed to show that Bourland was deficient for not objecting to the enhancement for obstruction of justice.

Additionally, when deciding to give Gordon credit both for safety valve and for acceptance of responsibility, the Court implied that it thought the adjustment for obstruction of justice was warranted.   (D.E. 69, Sentencing Transcript ("S. Tr.") at 26 ("the Court stating that Gordon "has already paid adversely for his testimony by getting two points upward adjustment.").)   Accordingly, even if counsel had raised the objection, Gordon

would not have received a different sentence.  Counsel was not deficient for failing to raise a frivolous argument, nor is there any prejudice to Gordon as a result of such failure. United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.").  Gordon's first claim fails.

### c.    Claim That Counsel Failed to Appeal As Directed

Gordon's second claim is that his counsel failed to file an appeal.  (D.E. 64 at 4.) When evaluating an ineffective assistance claim based upon counsel's alleged failure to file an appeal, this Court is guided by Roe v. Flores-Ortega, 528 U.S. 470 (2000).  That case explains that where a defendant asks that an appeal be filed, and the attorney does not file one, the attorney's conduct is deficient.  Flores-Ortega, 528 U.S. at 478.  Based on the record in this case, the Court concludes that Gordon has not made a sufficient showing that he told Bourland to appeal.

Gordon's court-appointed counsel, Bourland, has provided a detailed affidavit in which he expressly denies ever having been asked to appeal Gordon's case. (D.E. 72, Affidavit of Bourland at 2.)  Specifically, Bourland avers:

> On the 5th day of December, 2006, the undersigned, affiant herein, sent to defendant by "overnight Federal Express" (see attached air bill #8535-2436-1349 of December 5, 2006, Exhibit B), a letter (Exhibit C) within which a *pro se* Notice of Appeal (Exhibit D) had been enclosed for his use, if he were so

inclined.  It further advised that affiant was not aware [of] any appealable issues in the matter, especially in light of the Court's favorable ruling on the Safety Valve and Acceptance of Responsibility issues, along with the Government's stipulation at plea not to pursue any Perjury charges against defendant, defendant's mother, his girlfriend, and the Immigration and Naturalization Service matter pending in Florida against his wife.   Further affiant enclosed a preaddressed and stamped envelope to the Office of the Clerk of Court for the Federal District in Corpus Christi for defendant's use, advising the same had to be in the mail in advance of the December 10, 2006, date, which would conclude the ten (10) day notice period for filing such (please see Exhibit C, letter of December 5, 2006).  Additionally the letter of December 5, 2006 (Exhibit C) advised the affiant's representation had concluded on behalf of defendant, in keeping and in line with Exhibit A, the fee agreement of May 16, 2006. Said agreement advised should any appeal be required or desired, and affiant's services were requested, an additional engagement would be necessitated as affiant's representation was limited to the matter while pending in the Federal District Court, solely.   Affiant was never engaged, instructed, or requested to proceed with any appeal in this matter.

Affiant also certifies the defendant never requested an appeal, nor did he request a *pro se* Notice of Appeal form for his use. Said form was included as a courtesy to the defendant in the event he decided to move forward with an appellant procedure.

(D.E. 72, Bourland Aff. at 1-2.)

As noted by the Court in its order directing Gordon to provide additional information, Gordon's most specific statement in support of his claim is that "In the case at bar, petitioner remembers being advised by the court of his rights as it pertains to appeals. Subsequently, petitioner requested counsel to file an appeal, in order to challenge the two

points enhancement for obstruction of justice which this court imposed on the petitioner. But counsel failed to carry out the wishes of the petitioner." (D.E. 65 at 7.)

He has not provided any additional detail in support of his claim, despite being directed to do so by the Court. (See D.E. 76.)  For example, he does not say when he told his counsel to appeal, whether it was in person or via letter, whether any other witnesses were present, what counsel's response to his request was, or whether counsel told him he would or would not appeal.  Particularly given the fact that he has declined to take advantage of an opportunity given by the Court to support this claim, his vague and conclusory allegation is insufficient to require an evidentiary hearing. Cf. United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993) (conclusory allegations on a critical question do not raise a constitutional issue).

The Court turns next, then, to the issue of whether Bourland *consulted* with Gordon about his appellate rights.  As explained by the Supreme Court in Flores-Ortega:

> In those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, we believe the question of whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal. . . .  If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.

528 U.S. at 478.  In this case, it is clear that counsel consulted with Gordon, as evidenced

by the supporting documentation sent to Gordon, copies of which have been provided by Bourland. Moreover, Gordon has not alleged that Bourland failed to consult with him regarding his appellate rights.

In short, under the particular circumstances of this case, in which a detailed affidavit and supporting documentation have been provided by defense counsel, and only a cursory allegation has been lodged by Movant, a hearing is unnecessary to resolve this claim. Gordon is not entitled to relief on his claim that his counsel failed to appeal.

If the Court were dismissing Gordon's motion solely because of his failure to prosecute, the dismissal would be without prejudice. Because both of Gordon's claims also fail on their merits, however, his motion is DISMISSED WITH PREJUDICE.

## V. CONCLUSION

For the above-stated reasons, Gordon's motion under 28 U.S.C. § 2255 (D.E. 64) is DISMISSED WITH PREJUDICE.

ORDERED this 11th day of August, 2008.

HAYDEN HEAD
CHIEF JUDGE

13